IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01475-BNB

JEFFERY T. ALLEN,

    Plaintiff,

v.

THE BOULDER SHELTER FOR THE HOMELESS, and
GREG HARMS, Acting Agent, Executive Director,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Jeffery T. Allen, has filed *pro se* a Complaint. The court must construe the Complaint liberally because Mr. Allen is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Allen will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the Complaint and finds that it is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of

Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Allen fails to provide a short and plain statement of his claims showing that he is entitled to relief. Construing the Complaint liberally, it appears that Mr. Allen intends to assert a claim pursuant to Title III of the Americans with Disabilities Act ("ADA") based on his exclusion from the Boulder Shelter for the Homeless ("the Shelter") for fourteen nights in June 2011 after he violated the Shelter's major weapons policy. However, Mr. Allen fails to allege specific facts in support of a claim under the ADA because it is not clear exactly how he believes the ADA was violated when he was excluded from the Shelter or how Defendants allegedly failed to accommodate his disability when he was excluded from the Shelter. In addition, Mr. Allen attaches to the Complaint various statements and other documents that do not assist the court in understanding the claim being asserted. Finally, the Complaint also violates Rule 8 because Mr. Allen fails to request any specific relief.

For these reasons, Mr. Allen will be ordered to file an amended complaint if he

wishes to pursue his claims in this action.  In order to state a claim in federal court, Mr. Allen "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  In addition, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Allen file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Allen shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Allen fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED June 12, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge