IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01475-BNB

JEFFERY T. ALLEN,

    Plaintiff,

v.

THE BOULDER SHELTER FOR THE HOMELESS,
EXECUTIVE DIRECTOR GREG HARMS,
RENE BRODEUR, Director of Programs,
ANDREA, Assistant Director of Programs,
CHRIS, Supervisor,
CHAD, Lead Staff, and
TIM SCHAAF, Lead Case Manager,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Jeffery T. Allen, initiated this action by filing *pro se* a Complaint (ECF No. 1). On June 12, 2013, the court entered an order directing Mr. Allen to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Also on June 12, 2013, Mr. Allen submitted a "Motion for the Court to Appoint Counsel to a Financially Disadvantaged Anatomically Disabled Individual" (ECF No. 13) and a document titled "Complaint" (ECF No. 14) that was docketed as an amended complaint. The amended complaint filed on June 12, which was filed before Mr. Allen received the court's order directing him to file an amended complaint, will not be considered because it was not filed on the proper form and also does not comply with the pleading requirements of Rule 8.

On July 10, 2013, in response to the court's June 12 order directing him to file an amended complaint, Mr. Allen filed five separate documents (ECF Nos. 15-19) that, collectively, include all of the pages of the court-approved Complaint form and assert three numbered claims for relief.  Mr. Allen also filed on July 10 a "Motion of Discovery" (ECF No. 20).

The documents submitted to the court on July 10 do not satisfy the court's prior order to file an amended complaint that complies with the pleading requirements of Rule 8.  First, Mr. Allen may not file an amended complaint in separate pieces; the amended complaint must be one complete document that consists of all of the pages of the court-approved Complaint form.  Second, Mr. Allen fails to provide complete names and addresses for each Defendant he intends to sue.  Mr. Allen must provide a complete name and address for each named Defendant so that they may be served properly.  Third, even considering the separate documents filed on July 10 collectively, Mr. Allen still fails to provide a short and plain statement of his claims showing that he is entitled to relief as required pursuant to Rule 8.  In particular, it still is not clear what specific claim or claims Mr. Allen is asserting against each named Defendant.  As the court noted in the court's June 12 order directing him to file an amended complaint, although it appears Mr. Allen intends to assert one or more claims pursuant to Title III of the Americans with Disabilities Act ("ADA") based on his exclusion from the Boulder Shelter for the Homeless ("the Shelter") for fourteen nights in June 2011 after he violated the Shelter's major weapons policy, Mr. Allen fails to allege specific facts in support of a claim under the ADA because it is not clear exactly how he believes the ADA was violated when he was excluded from the Shelter, how Defendants allegedly failed to

accommodate his disability when he was excluded from the Shelter, or what relief he seeks.

Mr. Allen will be given one more opportunity to file an amended complaint if he wishes to pursue his claims in this action.  For each claim, Mr. Allen "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Allen file, **within thirty (30) days from the date of this order**, a second amended complaint on the court-approved form that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order and the court's prior order entered on June 12, 2013.  It is

FURTHER ORDERED that Mr. Allen shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Allen fails within the time allowed to file a second amended complaint on the court-approved form that complies with the pleading requirements of Rule 8 as directed, the action will be dismissed without further notice.  It

is

FURTHER ORDERED that the "Motion for the Court to Appoint Counsel to a Financially Disadvantaged Anatomically Disabled Individual" (ECF No. 13) and the "Motion of Discovery" (ECF No. 20) are denied as premature.

DATED July 12, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge