IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01475-BNB

JEFFERY T. ALLEN,

    Plaintiff,

v.

THE BOULDER SHELTER FOR THE HOMELESS, and
GREG HARMS, Executive Director/Acting Agent,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Jeffery T. Allen, initiated this action by filing *pro se* a Complaint (ECF No. 1). On June 12, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Allen to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On July 10, 2013, in response to the order to file an amended complaint, Mr. Allen filed five separate documents (ECF Nos. 15-19) that, collectively, include all of the pages of the court-approved Complaint form and assert three numbered claims for relief. On July 12, 2013, Magistrate Judge Boland entered an order directing Mr. Allen to file a second amended complaint because the documents submitted on July 10 did not satisfy the June 12 order to file an amended complaint that complies with the pleading requirements of Rule 8. On August 12, 2013, Mr. Allen filed a second amended complaint (ECF No. 27).

Mr. Allen has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Mr.

Allen's claims are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the second amended complaint liberally because Mr. Allen is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Allen claims in the second amended complaint that his rights under Title III of the Americans with Disabilities Act (ADA) were violated when he was evicted from the Boulder Shelter for the Homeless ("the Shelter") in June 2011. Mr. Allen alleges that he was evicted because he violated the Shelter's major weapons policy by entering the Shelter with a pocketknife. Mr. Allen specifically contends that he has short term memory problems stemming from a traumatic brain injury and that staff members at the Shelter failed to ask him if he had any weapons to turn in when he entered the Shelter on June 6, 2011. He seeks damages as relief.

Mr. Allen's claim for damages under Title III of the ADA is legally frivolous. Title III of the ADA prohibits discrimination against the disabled in public accommodations. *See* 42 U.S.C. § 12182(a). However, pursuant to 42 U.S.C. § 12188(a), Mr. Allen's

"sole remedy for a Title III claim is injunctive relief." *Phillips v. Tiona*, 508 F. App'x 737, 754 (10th Cir. 2013); *see also Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages."). Therefore, the instant action must be dismissed. The Court also notes that, even if Mr. Allen did request injunctive relief, he is not entitled to injunctive relief based on an alleged ADA violation that occurred in June 2011. *See McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("When a party seeks only equitable relief, . . . past exposure to alleged illegal conduct does not establish a present live controversy if unaccompanied by any continuing present effects.").

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the second amended complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   21st   day of      August         , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court